MORRIS ET AL., GUARDIANS, ETC., *vs.* DAVIS.

PARTITION OF LAND, FROM FULTON. Estates. Tenants in Common. Prescription. Levy and Sale. Deeds. (Before Judge Clark.)

Jackson, C. J.—1. There can be no adverse possession against a co tenant until actual ouster, or exclusive possession after demand, or express **notice** of adverse possession. In the absence of proof of any of these

there was no error in failing to charge as to the acquirement of a pre-scriptive title by one tenant against his co-tenant. Code, §2303.

2.   Whilst an innocent purchaser for value is protected from irregularities in the time of advertising in sales by the sheriff under State and county tax fi. fas, as under executions issued on judgments, yet where the levy is excessive, and the advertisement is a wholly inadequate and incomplete description of the real estate to be sold for such taxes, the levy is void, the sale is illegal, and no title passes to the purchaser.   The purchaser at all judicial sales "depends upon the judgment, the levy and the deed."   He must see to these, and guard himself against their illegality.   11 Ga., 423, 5th head; Code, §§890, 893.   By-ars *et al.*, *vs.* Curry *et al.* (present term).   1 GA. LAW REPORTER, p. 199.

(a)   When a piece of property consisted of two separate portions, derived from different titles, one embracing a frontage of twenty seven feet on a street in a city, and the other a frontage of twenty five feet, and either would have brought more than the taxes, four hundred dollars having been given for one of them, it was excessive to levy on and sell the entire property together for some fifty dollars of taxes.   25 Ga., 103; 72 Id,, 637; 52 Id., 164.

3.   A deed of gift stated that the grantor had " this day given, granted and sold to said Lizzie E. Davis (the grantor's wife) for the support of herself and her present and future children, the following described real estate.   *   *   *   To have and to hold the same in fee sim-ple, for purpose aforesaid :"

Held, that the deed conveyed the fee to the wife and children; and upon her death intestate, her husband inherited an interest in her share, and could convey it to another grantee.   Code, §2248.

Judgment affirmed.

John Collier, for plaintiff in error.

T. P. Westmoreland, for defendant.